**Brett King WILSON, Plaintiff,**

v.

**The BOARD OF COUNTY COMMISSION-
ERS OF EL PASO COUNTY, A Body
corporate and politic; J. Kent Stauffer,
in his capacity as Personal Representa-
tive or Executor of the Estate of El
Paso Deputy Sheriff Hugh A. Martin,
for actions taken by Martin individually
and as an employee of El Paso County,
Defendants.**

Civ. A. No. 93–B–834.

United States District Court,
D. Colorado.

May 18, 1994.

Christopher C. Jeffers, Geil, Jeffers & Wa-
itkus, P.C. and Robert B. Miller, Miller, Hale
and Harrison, Boulder, CO, for plaintiffs.

Alan W. Samber, Jane B. Fredman, El
Paso Asst. County Attys. and Gordon L.

Vaughan, Vaughan & Reeves, P.C., Colorado
Springs, CO, for defendants.

MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

J. Kent Stauffer (Stauffer), in his capacity
as personal representative or executor of the
estate of defendant Hugh A. Martin, de-
ceased, moves to dismiss pursuant to Fed.
R.Civ.P. 12(c), or in the alternative, for sum-
mary judgment pursuant to Fed.R.Civ.P. 56.
The motion is adequately briefed and oral
argument will not materially aid in its resolu-
tion. Because the parties present matters
outside the pleadings for my consideration,
the motion shall be treated as one for sum-
mary judgment and disposed of as provided
in Rule 56. Fed.R.Civ.P. 12(c). Summary
judgment is appropriate if the pleadings, affi-
davits and depositions show that there is no
genuine issue as to any material fact and the
moving party is entitled to judgment as a
matter of law. Fed.R.Civ.P. 56(c).

Plaintiff Brett King Wilson (Wilson) filed
this action pursuant to 42 U.S.C. § 1983
claiming that defendants violated his civil
rights, and seeking damages. Martin died
April 13, 1992. Stauffer was appointed per-
sonal representative of Martin's estate on
May 26, 1992. A notice to Martin's creditors
was first published August 12, 1992 and,
thus, the last day for filing claims against
Martin's estate was December 12, 1992.
Stauffer was not informed of Wilson's claim
against Martin's estate until he was served
with process on April 26, 1993, more than one
year after Martin's death.

In determining whether Wilson's § 1983
claim against Martin's estate survives, I ap-
ply the law of the forum state. *See generally
Robertson v. Wegmann,* 436 U.S. 584, 587, 98
S.Ct. 1991, 1993, 56 L.Ed.2d 554 (1978) (in
§ 1983 cases, federal courts apply the law
the forum state provided it is not inconsistent
with the Constitution or the laws of the
United States); *see also Davis v. Oregon
State University,* 591 F.2d 493, 498 (9th Cir.
1978). Thus, I look to Colorado law to deter-
mine the survivorship issue here. No one
argues otherwise.

In his July 12, 1993 response, Wilson stated that there would be no good faith justification for proceeding against Martin's estate if no insurance policy covering Martin is discovered. *See* Response, p. 3 and § 15–12–803(3)(b), 6B C.R.S. (1987). As a result, in my January 14, 1994 order, I held that Wilson's claim against Martin's estate is barred as untimely pursuant to § 15–12–803 unless he can show that his claim is protected by an insurance liability policy. However, because discovery was still outstanding, I granted Wilson an extension to and including February 15, 1994 to submit affidavits or other admissible evidence that such an insurance policy exists. Subsequently, Wilson moved to extend this deadline to April 15, 1994. Magistrate Borchers granted this motion. All parties now agree that there is no liability insurance policy protecting Martin or his estate.

Notwithstanding Wilson's prior concession, he now argues that his claims against Martin's estate are not barred because § 15–12–803(3)(b) includes not only those circumstances where the decedent is "protected by liability insurance," but also where there may be some other theory for indemnity or a de facto insurer. These arguments run contrary to this statute's plain language and, thus, are without merit. Accordingly, consistent with my previous order, the claims against Martin's estate will be dismissed with prejudice.

Colorado's non-claim statute, § 15–12–803, provides in relevant part:

(1)(a) All claims against a decedent's estate which arose before the death of the decedent ... are barred against the estate, the personal representative ... unless presented as follows:

(I) As to creditors barred by publication, within the time set in the published notice to creditors;

(II) As to creditors barred by written notice, within the time set in the written notice;

(III) As to all creditors, within one year after the decedent's death; ...

.    .    .    .    .

(3) Nothing in this section affects or prevents:

.    .    .    .    .

(b) To the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by liability insurance.

This statute limits specifically its exceptions to circumstances where the deceased is "protected by liability insurance." Insurance issues are addressed in Title 10 of the Colorado Revised Statutes. It defines "insurance" as:

a contract whereby one, for consideration, undertakes to indemnify another or to pay a specified or ascertainable amount or benefit upon determinable risk contingencies, and includes annuities.

C.R.S. § 10–1–102(7). This definition must be read in harmony with the use of the term in the non-claim statute. *See M.S. v. People,* 812 P.2d 632, 637 (Colo.1991) (when two statutes concern the same subject matter, they must be read together and reconciled if possible, so as to give effect to each.)

Wilson argues that the real question here is not whether El Paso County (County) is insured, but whether it is an "insurer". Wilson contends that the County is a de facto insurer because it meets the statutory definition of an "insurer". I disagree. "Insurer" is defined in C.R.S. § 10–1–102(8) as follows:

... every person engaged as principal, indemnitor, surety, or contractor in the business of making contracts of insurance.

It is undisputed that the County is not "in the business of making contract of insurance". Consequently, I hold that the County is not, as a matter of law, an "insurer".

Next, Wilson presents a public policy argument. He contends that the non-claim statute exception is designed to ensure that the risk of liability is borne by someone other than Martin's estate and, therefore, it is appropriate to extend § 15–12–803(3)(b)'s exception in this case. There are settled principles that guide my interpretation of § 15–12–803. My primary task in construing a statute is to ascertain and give effect to the intent of the Colorado General Assembly.

*Van Waters & Rogers, Inc. v. Keelan,* 840 P.2d 1070, 1075 (Colo.1992). To determine that intent, I look first to the statutory language. *Id.* When the language is clear and unambiguous, there is no need to resort to interpretative rules of statutory construction and the statute must be applied as written. *Id.* Where express statutory exceptions exist, "the courts should be exceedingly slow in applying unexpressed exceptions." *See Colorado Public Interest Research Group, Inc. v. Train,* 507 F.2d 743, 748 (10th Cir.1974), *rev'd on other grounds,* 426 U.S. 1, 96 S.Ct. 1938, 48 L.Ed.2d 434 (1976) (construing federal law).

Absent any supporting legislative intent or other legal authority, I decline to extend § 15–12–803(3)(b)'s clear and unambiguous language to situations where, as here, the deceased or his estate may be entitled to indemnification. Moreover, if the Colorado General Assembly had intended to provide for Wilson's proposed exception, it would have said so. Indeed, the Colorado General Assembly has expressly addressed indemnity relationships in a number of other circumstances. *See, e.g.,* C.R.S. § 2–2–403 (indemnification of General Assembly member); C.R.S. § 7–3–101.5 (indemnification of corporate officers); C.R.S. § 13–50.5–102 (recognizing a distinction between liability insurer payments and general rights of indemnity under the Uniform Contribution Among Tortfeasors statute.) Therefore, I reject Wilson's public policy grounds argument for expanding § 15–12–803(3)(b)'s unambiguous exception.

ACCORDINGLY, IT IS ORDERED that:

1) Stauffer's motion for summary judgment is granted;

2) Judgment shall enter in Stauffer's favor and against Wilson; and,

3) Stauffer is awarded costs.